IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN S. BELL | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| CITY OF PHILADELPHIA et al. | : NO. 05-4433 |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                March    29    , 2006

      Once this case was referred to the undersigned, we issued a Scheduling Order on December 15, 2005, after conducting a telephonic conference with counsel.  In that Order, we set a discovery deadline of March 31, 2006; dispositive motion deadline of April 28 with responses due May 12; motions in limine and a pretrial stipulation due May 19, and a trial date of June 5. On March 28, three days before the discovery deadline, we received "Plaintiff's Uncontested Motion to Extend Discovery."  In the Motion, Plaintiff's counsel advised the court that the Plaintiff has yet to depose three of the Defendants, a City representative, and a number of fact witnesses, and requested an addition 60 days to complete discovery.  Plaintiff's counsel also stated that the Defendants had consented to the request.

      Upon receipt of the Motion, I attempted to conduct a telephone conference with all counsel to explain that the court's trial calendar would not permit a 60-day extension of the trial date.  However, the court could permit a 30-day extension of the discovery deadline, with an extension of only a few days for the filing of dispositive motions.  We were able to reach the Plaintiff's counsel and counsel for the City of Philadelphia.  Unfortunately, we were unable to reach counsel assigned from the District Attorney's Office. Plaintiff's counsel and the City agreed and we proceeded to issue a revised scheduling Order.  Later in the day, the assigned

Assistant District Attorney phoned, complaining that she could not abide by the Court's Revised Scheduling Order because it did not provide sufficient time to prepare a dispositive motion.

Because the Unopposed Motion to Extend Discovery indicated that it was the Plaintiff who required the additional time to complete discovery, I concluded that the Defendants would not be prejudiced by the quick turn-around time for dispositive motions.  Because the Defendants have completed their discovery, we do not believe that it is unreasonable to expect them to begin preparation of the dispositive motions prior to the close of discovery.   This morning, the District Attorney filed a Motion for Reconsideration of the Court's Revised Scheduling Order.

In responding to the District Attorney's call yesterday, my clerk explained that we are now scheduling trials into 2007, and the court was not comfortable postponing this trial for that length of time.  In the Motion, the District Attorney suggests that this case could be tried in a week when another of the court's trials settles.  The reality we face, however, is that lawyers have busy schedules and cases usually settle only shortly before trial.  Thus, the chances of having three lawyers and an unknown number of witnesses available on short notice is slim to none.

The benefit of consenting to the jurisdiction of a magistrate judge is a date certain for trial.  This court gave the parties a date certain for this trial in December, 2005.  That date was, and continues to be, June 5, 2006.  When faced with an unopposed motion for an extension of discovery, the court attempted to fashion a schedule that would permit the orderly completion of trial preparation.  Perhaps, in the future, counsel should consider the court's schedule before agreeing to such an extension.

In the Motion for Reconsideration, the District Attorney again complains that the Revised Scheduling Order does not permit sufficient time to prepare a dispositive motion and lays the

blame for the discovery delays at the feet of the Plaintiff.  Thus, argues the District Attorney, "they should not be penalized for plaintiff's delay."  Motion for Reconsideration, at ¶9.  However, review of the Uncontested Motion to Extend Discovery reveals that the Defendants have required extensions to respond to certain discovery requests made by the Plaintiff.  See Unopposed Motion, at ¶5.

      Although the court continues to believe that the Defendants should be in the position to begin preparing such a motion now, the District Attorney argues that the time to be spent on the remaining depositions and preparations, therefor, will leave "very little time" to prepare a dispositive motion.  The Plaintiff has filed a Response, noting that she does not object to the District Attorney's request for two weeks to file for summary judgment.  Unfortunately, given the timetable set forth in yesterday's Order, that would require the court to rule on the dispositive motions from the bench on the day of trial.  We will therefore, enter a Final Scheduling Order.  Discovery will now be completed by April 24, 2006.  Dispositive/*Daubert* motions are due May 5, with responses due May 19.  All other deadlines will remain as originally set.  No further requests for extensions or modifications will be entertained and counsel are expected to hand deliver copies of all motions and responses, with attachments, to chambers by close of business on the date the filing is due.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN S. BELL | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| CITY OF PHILADELPHIA et al. | : NO. 05-4433 |

**FINAL SCHEDULING ORDER**

AND NOW, this 29th day of March, 2006, upon consideration of the District Attorney's Motion for Reconsideration of the Amended Scheduling Order, IT IS HEREBY ORDERED that:

1. All Discovery shall be completed by **APRIL 24, 2006**

2. All Dispositive Motions/*Daubert* Motions shall be filed on or before **MAY 5, 2006,** with courtesy copies hand delivered to chambers on the day of filing;

3. Responses to Dispositive Motions/*Daubert* Motions shall be filed on or before **MAY 19, 2006,** with courtesy copies hand delivered to chambers on the day of filing;

4. ALL OTHER DATES REMAIN AS ORIGINALLY SCHEDULED.

5. Counsel shall hand deliver copies of all motions and attachments to Chambers on or before the close of business on the date the filing is due.

6. **NO FURTHER REQUESTS FOR EXTENSION OR MODIFICATION OF THESE DEADLINES WILL BE ENTERTAINED.**

BY THE COURT:

/s/Jacob P. Hart
_____
Jacob P. Hart
UNITED STATES MAGISTRATE JUDGE